IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00864-GPG

VICENTE JAVIER JIMENEZ CHAUCA,

      Petitioner,

v.

~~KRISTI NOEM~~ MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
~~PAMELA BONDI~~ TODD BLANCHE, Acting U.S. Attorney General;
ROBERT HAGAN, Field Office Director, Denver Field Office, Immigration and Customs Enforcement; and
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

      Respondents.

---

## ORDER

---

## I.  BACKGROUND

On March 13, 2026, this Court granted in part the Petition and required Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days (D. 10).[1]  This Court Ordered:

> For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest. Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's custody hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial. Such status update

---

[1] This Court does not discuss all filings in this matter but only those that this Court finds relevant to this discrete issue.

1

shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

(D. 10 at 3).

On March 25, 2026, Respondents filed a status report informing the Court that a bond hearing was timely held on March 20, 2026, but that the Immigration Judge (IJ) failed to comply with this Court's Order placing the burden of proof on Respondents—instead flipping the burden and requiring Petitioner to prove he was not a significant flight risk, and failed to address whether Petitioner's arrest was appropriate at the time of his arrest. All in direct contravention of this Court's Order (D. 11).[2]

Respondents agreed not to oppose a new bond hearing where the IJ would comply with this Court's Order and file a further update by April 1, 2026 (D. 11 at 3–4). On April 1, 2026, Respondents filed an update informing the Court that the new bond hearing was scheduled for April 2, 2026, and requesting leave to file another status report by April 3, 2026 (D. 14 at 2).[3]

On April 3, 2026, Respondents filed another status report (D. 16). Respondents reported that a hearing was held before the IJ on April 2, 2026, and "Petitioner's request for bond was denied because the Immigration Judge (the "IJ") found that Petitioner is a flight risk" (*id*. at 1). Respondents' Counsel attempted to attend the hearing, but it was held electronically through a booth and Counsel could not attend (*id*). Respondents' Counsel and ICE Counsel listened to the audio (*id*. at 3). For some unknown reason, ICE Counsel could not provide Respondents' Counsel

---

[2] This Court appreciates both Counsel's candor and attention in timely bringing the matter to the Court's attention.

[3] Petitioner filed a Motion to Enforce arguing that this Court should Order Petitioner's immediate release because the Petition was initially granted on March 13, 2026, and, as of March 31, 2026, this Court's Order had still not been complied with and that the passage of time warranted immediate release (D. 13).

with a copy of the audio and much of the audio was unintelligible with the IJ being the easiest to hear (*id.*).  Relevant to this Order:

> 1.  Petitioner's immigration counsel mentioned the Court's Order at the start of the hearing; and
>
> 2.  the IJ stated that she was not convinced Petitioner is not a flight risk.

(D. 16 at 3–4).[4]  The Order of the Immigration Judge is bare bones and gives no details as to procedurally how the hearing was held (D. 16–1).

Petitioner argues that the IJ hearing and the IJ's Order suffer from the same procedural deficiencies as before (D. 17).  Petitioner asserts that it is unclear who bore the burden of proof at the hearing (*id.* at 1).  And Petitioner asserts that there is no analysis in the IJ's Order (*id.*).

## II.  ANALYSIS

There are two parts to the IJ's Order.  These include Respondents' report as to the IJ's oral findings (D. 16 at 3) and the IJ's written Order (D. 16-1).[5]  Neither portion of the Order addresses the procedural deficiencies apparent from the first IJ hearing.  It is unclear what burden the IJ imposed.  This Court is concerned about the language "the IJ stated that she was not convinced

---

[4] The recitation of the recording of the IJ details the IJ's consideration of why Petitioner is a flight risk.  This Court purposefully excludes that information from this Order and does not consider that information.  It is important to be clear as to this Court's role in this context.  The issue before this Court is whether, procedurally, the IJ followed this Court's Order vis-a-vis the hearing.  Or, put another way, did the IJ uphold the burden of proof in the manner this Court Ordered.  This Court does not have the ability to second-guess the IJ's evaluation of the facts in light of what this Court has determined to be the correct legal burden.  There is an appeal process to the BIA which is the appropriate next step if Petitioner thinks the IJ wrongly decided the facts in light of the appropriate burden as Ordered by the Court.  *See Bonilla Espinoza v. Ceja et al.,* 25-cv-01120, ECF no. 11 at 11 (D. Colo. May 21, 2025) ("[S]o long as the government reasonably affords noncitizen detainees in ongoing immigration proceedings administrative process to challenge the *merits* determinations that are keeping them in custody, continued custody is permissible." (emphasis in original)).

[5] This Court makes no comment on whether, in the context of normal IJ proceedings, a longer verbal order and a summary written order are legally sufficient.  However, in the context of this, a second bite at an IJ hearing as Ordered by a federal court, a lengthier written report would at least have been prudent.

Petitioner is not a flight risk."  Words are important.  If the burden was appropriately applied as Ordered by this Court, a more legally precise phrasing would have been *that ICE has proved that Petitioner is a flight risk*.  Such a phrasing would have been a clear indication that this Court's Order was followed.  Further, entirely unaddressed is the issue of whether Petitioner's detention was proper at the time of his arrest.

### III.  ORDER

It is therefore Ordered that this matter is set for a hearing before the Court on Thursday, April 9, 2026 at 3 p.m.[6]

It is further Ordered that Respondents SHALL be prepared to present all available evidence as to what burden the IJ applied during hearing held on April 2, 2026, and be prepared to address whether the IJ considered whether Petitioner's detention was proper at the time of his arrest.

DATED April 7, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[6] Should this date and time be unavailable to any Counsel, this Court is to be notified within four hours of docketing of this Order.  Also, this Court leaves undecided whether this will be an in-person hearing in Denver or remote.  This Court will resolve that issue and inform the Parties within 24 hours.