IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-864-GPG

VICENTE JIMENEZ CHAUCA,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and
Customs Enforcement,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

      Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce (D. 13). The Court GRANTS the motion for the following reasons.

Based on the evidence presented, Respondents have failed to comply with this Court's March 13, 2026, Order granting Petitioner Vicente Jimenez Chauca's petition for writ of habeas corpus (D. 10) not only once but *twice.* The Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 10 at 3). Since that Order, Respondents have had two chances to provide Respondent with the requisite bond hearing and appear to have failed both times.

1

Following the March 13 Order, on March 20, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ), but the IJ denied bond on the basis that he did not satisfy his burden to show that he was not a "significant flight risk such that release from custody is warranted" (D. 11-3).  Both parties agreed that the IJ at this hearing incorrectly placed the burden on Petitioner, and Petitioner filed a request with the Executive Office of Immigration Review (EOIR) for a new bond hearing (D. 10 at 3–4).  A new bond hearing was held on April 2, 2026, where the IJ denied Petitioner's request for bond (D. 16 at ¶ 9; D. 16-1).  Petitioner argues that, at this second bond hearing, the IJ again incorrectly placed the burden of proof on the Petitioner (D. 17).  This time, Respondents disagree or at least express that it is, in-part, uncertain.  Petitioner requests immediate release because he has "yet to receive a constitutional compliant bond hearing" (*id.*).

Based on the audio recording of the April 2, 2026, bond proceeding in front of the IJ, the Court finds, by at least a preponderance of the evidence standard, that Respondents failed to ensure that the IJ applied the correct burden, in direct contravention of this Court's March 13 Order.

First, during the proceeding, neither the IJ nor the Government ever stated on the record what the applicable burden was.  Petitioner's counsel stated that the Court's Order placed the burden of production and the burden of persuasion on the Government, but she did not clarify what the burden required (nor was it her responsibility to do so) (Ex. 1 at 4:18).  The Government also never informed the IJ that the Court placed the burden on the Government to prove that Petitioner's detention was proper at the time of his arrest.  This indicates that the Respondents never informed the IJ of the applicable burden.  As the Parties detaining Petitioner and subject to this Court's

2

Order, it was Respondent's obligation to ensure the Court's Order was followed, which included ensuring the correct burden was applied at the bond hearing.

Second, the IJ's language and the procedure of the hearing indicate that the IJ placed the burden on Petitioner to prove that he was not a flight risk. When issuing her denial, the IJ said to Petitioner's counsel, "I'm going off of what you're telling me . . . but unfortunately, just based on what I have in the record and what has been proffered to me, I am not convinced he's not a flight risk" (*id.* at 14:11). If the burden were correctly placed on the Government to prove flight risk and the Government had met that burden, a more accurate phrasing would have been, "The Government has proven he *is* a flight risk." Further, the IJ asked Petitioner to present his argument first and then asked the Government to respond (*id.* at 3:53). Usually in legal proceedings, the party bearing the burden of proof presents their case first.

Third, the IJ never issued a ruling, and Respondents never raised the issue, about whether Petitioner's detention was appropriate at the time he was detained.[1] The Court's Order explicitly required this (D. 10).

At this point, the Court has granted Respondents two bites at the apple to prove detention of Petitioner was warranted in front of an IJ. It will not allow a third. Respondents' failure to ensure the correct burden was applied during the first bond hearing on March 20 was already failure to comply with this Court's Order, but the Court gave them a second chance by permitting a second hearing to proceed on April 2. Respondents' actions have unnecessarily delayed Petitioner's right to a hearing that he is entitled to under § 1226.

---

[1] There is an administrative arrest warrant for Petitioner in the record at D. 11. However, in light of the Court's Order finding that Petitioner is detained pursuant to § 1226(a) and not, as Respondents contended, § 1225, the Court deemed it appropriate to require Respondents to establish that Petitioner's custody was indeed justified at the time he was detained.

Accordingly, pursuant to this Court's inherent right to enforce its Order, the Court orders

Petitioner's immediate release.   Petitioner SHALL update this Court in writing upon his release.

DATED April 9, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge